UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WILLIAMS,

       **Plaintiff,**

v.                                           Case No. 8:10-mc-68-T-30TBM

DAVEY TREE SERVICE,

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency (Doc. 1), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. While his affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action,[1] I find that the Plaintiff has failed to properly commence this civil action, nor has he stated a claim, and therefore I recommend that the court deny his construed motion and dismiss this action.

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." Rule 8 governs proper pleading and requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v.*

---

[1]Although Plaintiff's affidavit reflects he receives monthly income from unemployment and welfare aid, it appears his monthly expenses of mortgage, insurance, and child support exceed the amounts he receives.

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards reviewing dismissals under § 1915(a). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 35 (11th Cir. 2003). While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief about the speculative level. *Twombly,* 550 U.S. 555-56.

Additionally, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff files an affidavit of indigency to which he attaches a 23-page exhibit, but files no complaint. *See* (Doc. 1). The exhibit includes his Charge of Discrimination filed with the Florida Commission on Human Relations wherein he states that he has been "discriminated against due to my race, black in violation of Title VII of the Civil Rights Act of 1964, as amended." (Doc. 1-1 at 1). The Charge of Discrimination goes on to state that he was employed as a chipper and was asked and expected to drive without a commercial driver's license. He states that he was discriminated against with regard to being unfairly disciplined and for not being adequately compensated. *See id.* Other documents attached include unemployment records, medical records, correspondence with the E.E.O.C., a letter from a co-worker, and communication regarding Plaintiff's non-vesting in Davey Tree Expert Company's retirement plan. While a review of Plaintiff's exhibits indicates that he may be able to state a colorable claim against this Defendant, Plaintiff simply has not filed a complaint containing "a short and plain statement of the claim showing that the pleader is entitled to relief" in accordance with Rules 3 and 8(a)(2) of the Federal Rules of Civil Procedure. These pleading requirements ensure that the Defendant is given fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555. Consequently, even though the court construes a *pro se* Plaintiff's pleadings liberally, Plaintiff has failed to properly commence this civil action by the filing of a complaint and fails to state a cause of action. Thus, dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is warranted.

For these reasons, I recommend that the court **DENY** without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 1) and dismiss the action. It is further

recommended that the court direct the Plaintiff to file a Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order.

> Respectfully submitted on this
> 28th day of June 2010.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff