UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WILLIAMS,

    **Plaintiff,**

v.                                                            Case No. 8:10-mc-68-T-30TBM

DAVEY TREE EXPERT COMPANY,

    **Defendant.**
                                                       /

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* **Plaintiff's Application to Proceed without Prepayment of Fees** (Doc. 6), which the court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  Plaintiff previously filed an affidavit of indigency seeking *in forma pauperis* status.  *See* (Doc. 1).  Although the court determined that Plaintiff was likely unable to pay the filing fee, his claim was nevertheless dismissed for failing to file a complaint in conformance with the Federal Rules of Civil Procedure.  *See* (Doc. 4).  Plaintiff has now filed a complaint.  *See* (Doc. 5).  Thus, as a

---

[1]In pertinent part, 28 U.S.C. § 1915 provides:
    Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
28 U.S.C. § 1915(a).

threshold matter, the court must determine whether Plaintiff's Complaint (Doc. 5) fails to state a cause of action or is frivolous and therefore subject to dismissal. *See* Fed. R. Civ. P. 8; 28 U.S.C. § 1915. While his application (Doc. 6) and previously filed affidavit (Doc. 1) reveal Plaintiff lacks the resources necessary to pay the filing fee for this action, I find that the Complaint simply fails to state a claim, and therefore I recommend that the court dismiss this action.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth in the complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Id.* However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Similarly, 28 U.S.C. § 1915(e) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Here, Plaintiff's Complaint consists of a one-paragraph recitation of multiple causes of action, devoid of any factual allegations to support any of the alleged claims. Without more, Plaintiff alleges that he was "subjected to a hostile work environment, unsafe working conditions, retaliation, discrimination and wrongful termination under the Management of Davey Tree Expert Company." (Doc. 5). This recitation of a laundry list of causes of action not only fails to include the elements for each claim, but also fails to provide any factual detail so as to give the Defendant fair notice of what the claims are and the grounds upon which each rests. *See Bell Atl. Corp,* 550 U.S. at 555. Thus, even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's allegations nevertheless fail to state a cause of action under any of the various theories he asserts, and thus his Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[2] For example, Plaintiff's Complaint fails to identify any discriminatory conduct on behalf of the Defendant. Further, his lack of factual detail make it unclear whether he can sufficiently allege the requisite elements to state a claim for hostile work environment, retaliation, discrimination or wrongful termination. *See e.g.*, *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (in order to establish a prima facie case of racial discrimination based on circumstantial evidence, a plaintiff must establish "(1) he belongs to a racial minority; (2) he was subjected to adverse job action, (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job"); *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (to establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in an activity protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a

For these reasons, I recommend that the court **DISMISS** the Complaint (Doc. 5) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 6). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

                                          Respectfully submitted on this
                                          16th day of August 2010.

                                        THOMAS B. McCOUN III
                                        UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, Jr., United States District Judge
*Pro se* Plaintiff

---

causal connection between the protected activity and the adverse employment action); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (to establish a hostile working environment, a plaintiff must show: "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, . . ., (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.")